IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION,

                Plaintiff,

v.

BELLCO CREDIT UNION,

                Defendant.

___

## COMPLAINT AND JURY TRIAL DEMAND
___

### NATURE OF THE ACTION

1.      This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to make whole and provide appropriate relief to Frances Cruz. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "Commission" or "EEOC") alleges that, in October, 2003, Defendant Bellco Credit Union ("Defendant" or "Bellco") discharged Frances Cruz ("Cruz"), a teller/cashier, then age 61, because of her age, in violation of the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the

ADEA, 29 U.S.C. Section 621, et seq., which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. Sections 201, 216(c) and 217. The unlawful employment practices alleged below were and are being committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. Section 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Bellco has continuously been a Colorado corporation doing business in the State of Colorado and the City of Denver and has continuously had at least twenty employees.

5. At all relevant times, Defendant Bellco has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. Section 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. Section 626(b).

## STATEMENT OF CLAIMS

7. In or about October of 2003, Defendant, Bellco, engaged in unlawful employment practices, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. Section 623(a)(1) by terminating Frances Cruz' employment because of her age, 61.

8. Cruz began working for Defendant Bellco in or about 1996 in a teller/cashier position.

9. Cruz satisfactorily performed her duties and received excellent yearly reviews.

10. In 2003, Cruz was twice evaluated at "Exceeds Standards" and received a raise two months before her termination. In December 2002, Ms. Cruz was nominated for a President's Club Award.

11. In or about October 2003, Bellco terminated Cruz for allegedly violating Bellco checkhandling policy.

12. Similarly situated employees were treated more favorably than Ms. Cruz.

13. Four former managers at Bellco have stated that they were told by management to "get rid of Cruz" and other older employees.

14. The effect of the practices complained of above has been to deprive Cruz of equal employment opportunities and otherwise adversely affect her status as an employee because of her age.

15. The unlawful employment practices complained of in paragraphs 7 through 13 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Bellco, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in the conduct described above and any employment practice which discriminates on the basis of age against individuals 40 years of age or older;

B. Order Defendant Bellco to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices;

C. Grant a judgment requiring Defendant Bellco to pay appropriate back pay and benefits in an amount to be proved at trial, and an equal sum as liquidated damages, and prejudgment interest, to Frances Cruz;

D. Order Defendant Bellco to make whole Ms. Cruz who was affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including, but not limited to, rightful place reinstatement with all attendant rights and benefits, and/or front pay; and

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs in this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:  September 21, 2006

                                                Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES LEE
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C.   20507

MARY JO O'NEILL
Regional Attorney
Phoenix District Office

*s/Nancy A. Weeks*_____
NANCY A. WEEKS
Supervisory Trial Attorney
nancy.weeks@eeoc.gov
(303) 866-1947

 *s/Ann Fuller*_____
ANN FULLER
Trial Attorney
ann.fuller@eeoc.gov
(303) 866-1319

EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION
Denver Field Office
303 East 17th Avenue, Suite 510
Denver, CO  80203

**PLEASE NOTE:**

**It is sufficient for purposes of service on the Plaintiff Equal Employment Opportunity Commission that pleadings, notices, and any other court document be served upon the Trial Attorney. Therefore, duplicate service is not required on the General Counsel or Associate General Counsel located in Washington, D.C.**