IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01883-PSF-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

vs.

BELLCO CREDIT UNION,

    Defendant.
_____

### STIPULATED PROTECTIVE ORDER
_____

THIS MATTER having come before the Court on the stipulation of Plaintiff Equal Employment Opportunity Commission, by and through its counsel Nancy Weeks and Ann Fuller, and Defendant Bellco Credit Union, by and through its counsel Holland & Hart, LLP, concerning the production of certain documents in this action, and the Court being fully advised, enters the following Protective Order under Fed. R. Civ. P. 26(c):

A. All production and disclosure of "Confidential Information" – as defined in paragraph B, below - shall be governed by this Order.

B. "Confidential Information" as used herein includes, but is not limited to, documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery obligations created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order. In general, Confidential Information

includes and may be claimed with respect to: (a) information concerning present or former employees of Bellco who are not a party to this action, other than former employee Frances Cruz; (b) personal financial, tax, or medical records of former employee Frances Cruz; (c) information concerning Bellco's present and former customers, including but not limited to, account numbers and incident reports; and (d) any other information reasonably deemed to be of a confidential or proprietary nature by the designating party, including but not limited to financial information of Bellco. The parties shall endeavor to limit the designation of information as Confidential Information to the information that genuinely warrants the protection provided by the terms of this Order.

C. Confidential Information shall be used solely for the purpose of prosecution or defense of this action, and such documents may only be used, consistently with the terms of this Order, and, without limitation, in pretrial discovery and at the trial or preparation for trial and any appeal of this action, provided, however, any party may use its own Confidential Information for any purpose whatsoever. The use of Confidential Information at trial or at depositions shall not be deemed a waiver of the protections of this Order, and the parties and their attorneys shall be required to comply with the terms of this Order other than in the presentation of evidence at trial.

D. All Confidential Information shall be marked by placing on the initial page or cover of a multi-page document (including deposition transcripts), one of the following designations, or a designation containing the same information, but in a different format:

    1.    "CONFIDENTIAL"; or

    2.    "CONFIDENTIAL INFORMATION – THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER."

In lieu of marking the original documents, the party may mark the copies that are produced or exchanged.

    A. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party objecting to the confidential designation shall file within fifteen (15) business days of the aforementioned notice an appropriate motion with the Court requesting resolution of the matter. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the disputed information shall be assumed to be properly designated and shall be subject to the terms of this Order. The party making the designation in question shall bear the burden of justifying that designation in any dispute before the Court requesting modification or striking of the designation.

    B. Confidential Information identified in accordance with paragraph B of this Protective Order shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    1.    Any attorneys, including in-house counsel, actively working on this case;

2. Persons regularly employed or associated with the attorneys actively working on this case, including but not limited to, law clerks, paralegals, office clerks, and secretaries;

3. Frances Cruz; provided, however, that with the exception of papers filed with the Court and exhibits thereto, Cruz may not be provided with or retain copies of any such material and may review such material only at the offices of counsel for the Equal Employment Opportunity Commission;

4. Current directors, officers, and employees of Bellco who need to see such documents to assist in the preparation for and trial of this matter;

5. Any court reporter engaged in connection with this matter (or any of his or her staff or employees)

6. The Court and its employees;

7. Any expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

8. Any person reasonably expected to testify as a witness at trial;

9. Outside vendors who perform indexing, photocopying, or similar clerical functions for the parties' attorneys; and

10. Other persons by written agreement of the parties.

A. To the extent that any filing with the Court would reveal or tend to reveal any Confidential Information protected by this Order, any such Confidential Information

shall be filed separately under seal, with a copy of this Order attached thereto, in compliance with applicable court rules.

B. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be appropriately designated and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of deposition after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice of the court reporter of the completion of the transcript.

C. This Order shall continue to be binding throughout and after the conclusion of the trial, including any appeal thereof. Upon final termination of this matter, whether by judgment, settlement, or otherwise, all confidential material (and any copies thereof) shall be returned, upon request, to the party who produced such material, or shall be destroyed by each party's counsel, who shall so certify to opposing counsel. All briefs, pleadings, or other filings with the Court, or attorney work product which incorporates or discloses confidential material may remain in the possession of counsel, and need not be destroyed, but shall remain subject to this Order.

D. The terms of this Order may be modified only by written agreement of counsel for the parties or by further order of the Court.

IT IS SO ORDERED.

Dated this 24th day of April 2007.

BY THE COURT:

  s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

APPROVED:

| *s/Ann Fuller* | *s/Kimberley D. Neilio* |
|---|---|
| Nancy Weeks | John M. Husband, P.C. |
| nancy.weeks@eeoc.gov | jhusband@hollandhart.com |
| Ann Fuller | Kimberley Dempster Neilio |
| ann.fuller@eeoc.gov | kneilio@hollandhart.com |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | Holland & Hart LLP |
| Denver Field Office | 555 17th Street |
| 303 East 17th Avenue, Suite 510 | Suite 3200 |
| Denver, Colorado 80203 | Denver, Colorado 80202 |
| (303) 866-1319 | (303) 295-8000 |
| | (303) 295-8261 (fax) |
| Attorneys for the Plaintiff | Attorneys for the Defendant |