UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                          Plaintiff,

     v.                                       1:06-cv-1883

BELLCO CREDIT UNION,

                          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

In an oral decision on April 8, 2008, Defendant's motion for summary judgment was denied. Defendant now moves for reconsideration of that decision.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id.

Defendant moves for reconsideration on the ground that, as a result of the Supreme Court's decision in Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2243 (2009), there has been an intervening change in controlling law. The Court disagrees that Gross changed the law as applied to this case.

Prior to Gross, once a plaintiff proved that her age was a motivating part in the employment decision, the defendant could avoid liability only by proving by a preponderance

of the evidence that it would have made the same decision even if it had not taken age into account.  Gross, 129 S. Ct. at 2349.  In other words, the burden of proof switched to the defendant.  Gross rejected this burden shifting scheme, holding that "the plaintiff retains the burden of persuasion to establish that age was the 'but for' cause of the employer's adverse action."  Id. at 2351.  The Gross Court clearly stated that "the burden of persuasion necessary to establish employer liability is the same in alleged mixed-motives cases as in any other ADEA disaparate-treatment action.  A plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but for' cause of the challenged employer decision."  Id.  Gross did not establish a heightened evidentiary burden for Plaintiff to satisfy her ultimate burden.  Id. at 2351 n.4 ("There is no heightened evidentiary requirement for ADEA plaintiffs to satisfy their burden of persuasion that age was the 'but for' cause of their employer's adverse action . . . and we will imply none."); see also Baker v. Silver Oak Senior Living Management Co., LLC, — F.3d —, 2009 WL 2914159 (8th Cir. Sept. 14, 2009).

       The prior Order denying Defendant's motion for summary judgment did not turn on application of the mixed motive theory or on shifting the burden of proof, but on the conclusion that there were triable issues of fact on the issue of pretext.  As Defendant concedes in its motion, it "had not challenged the EEOC's *prima facie* case."  Def's Mem. of Law at 3.  Defendant further concedes that "the parties do not know whether Judge Weinshienk relied on a mixed motive analysis or not."  Def.'s Reply Mem. of Law at 3.  Indeed, the Court's prior determination was based upon the fact that Defendant did not dispute that the EEOC could establish a *prima facie* case, Plaintiff did not dispute that

Defendant advanced a legitimate, non-discriminatory reason for the termination, and there were questions of fact on the issue of pretext.

In Gross, the Supreme Court stated that it had not "definitively decided" whether the evidentiary framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973), applies to ADEA cases. Until the Supreme Court or the Tenth Circuit holds otherwise, the McDonnell Douglas framework continues to apply in this case. See Riggs v. AirTran Airways, Inc., 497 F.3d 1108, 1114-15 (10th Cir. 2007); Ellis v. United Airlines, Inc., 73 F.3d 999, 1004 (10th Cir. 1996); see also Geiger v. Tower Automotive, --- F.3d ----, 2009 WL 2836538 (6th Cir. Sept. 4, 2009); Guinto v. Exelon Generation Co., LLC, 2009 WL 2502099 (7th Cir. 2009) (unreported); Moore v. Dirt Motorsports, Inc., 2009 WL 2997077 (W.D. Okla. 2009); Maxey v. Restaurant Concepts II, LLC, — F. Supp.2d —, 2009 WL 2971362, at *5 (D. Colo. 2009); Fuller v. Seagate Technology, LLC, — F. Supp.2d —, 2009 WL 2568557, at *8 (D. Colo. 2009); Ferruggia v. Sharp Electronics Corp., 2009 WL 2634925, at *3 (D.N.J. Aug. 25, 2009) (unpublished opinion) (noting that the "majority of courts that have addressed this issue post-Gross continue to apply the McDonnell Douglas framework at the summary judgment stage."). Because the Court's prior ruling concerned the issue of pretext and pretext remains a relevant consideration in the ADEA analysis, reconsideration is not warranted.

For the foregoing reasons, Defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: October 5, 2009

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge